# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 21, 2009

## STATE OF TENNESSEE v. JERMAINE SMITH

### Direct Appeal from the Circuit Court for Montgomery County
### Nos. 40200733, 40300037, 40600256, 40601232     Michael R. Jones, Judge

---

### No. M2009-00468-CCA-R3-CD - Filed August 23, 2010

---

Defendant, Jermaine Smith, appeals the trial court's order revoking Defendant's probation in various sentences and ordering Defendant to serve his sentences in confinement.  It appears from the record that as of the probation violation hearing on February 9, 2009, a "fourth amended" probation violation warrant was pending against Defendant.  This warrant alleged that Defendant had violated various terms and conditions of his probation in Montgomery County cases numbered 40300037, 40600256, and 40601232.  In this appeal, Defendant acknowledges that the evidence showed he violated the terms of his probation. However, he argues that the trial court should have reinstated probation rather than order service of the sentence by incarceration.  After full review we affirm the orders of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Jermaine Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; John W. Carney, District Attorney General; and Helen Young, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

## I. Background

Gary Hammer of the Board of Probation and Parole testified for the State. He said that Defendant violated his probation by being arrested around 11:00 p.m. on November 10, 2007, in Coopertown, Tennessee, for unlawful possession of a weapon. He was also in violation of his curfew because he was supposed to be at home between the hours of 7:00 p.m. and 6:00 a.m. Defendant failed to report his arrest, and he missed curfew again on September 6, 2007, and on September 14, 2007. Mr. Hammer had no documentation that Defendant was seeking employment, and Defendant offered no explanation as to why he was not working. Mr. Hammer said that Defendant was $180 in arrears on his supervision fees and did not indicate that he was incapable of working and paying those fees

Mr. Hammer testified that Defendant reported on September 30, 2008, and admitted that he had used drugs. Mr. Hammer administered a drug test, and a laboratory report later confirmed that Defendant testified positive for THC. On September 30, 2008, Mr. Hammer testified that he reviewed a list of known gang members with Defendant and informed him that as a condition of probation, he was not to participate in street gangs or associate with gang members. The list of gang members included Michael Flippen, who was associated with the "Nine Trey Bloods," and Josh Crowder, who was associated with the "Birchwood Boy Bloods." Mr. Hammer testified that Defendant was a member of the "Birchwood Boy Bloods" when he was charged with attempted murder. Mr. Hammer testified that since September 30, 2008, Defendant reported to him only one time on November 26, 2008. Mr. Hammer testified that Defendant was again arrested on December 16, 2008, for "[t]he offense of weapons, U-C-D-W, drugs, unlawful carrying of paraphernalia, and drugs, schedule six."

Joseph Williamson is a drug agent with the Clarksville Police Department. Agent Williamson testified that on December 16, 2008, he charged Defendant, Michael Flippen, Joshua Crowder, and Kennis Anderson for possession of marijuana with intent to sell, possession of drug paraphernalia, and unlawful possession of a deadly weapon. The four men were initially stopped by a patrol officer around 10:00 p.m. In the vehicle, Agent Williamson found a .380 caliber gun, a digital scale, and a plastic sandwich bag containing eleven individual bags of marijuana. No one claimed ownership of the gun or drugs. Defendant told Agent Williamson that he had been to the Starlite Lounge, a club that serves alcohol. Agent Williamson testified that Michael Flippen and Josh Crowder are both documented gang members. Mr. Flippen was wearing a red bandana around his neck and a "red T-shirt that said Nine trey on it." Agent Williamson explained that Nine Trey is a subset of the Bloods street gang.

## II. Analysis

A trial court may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his release. T.C.A. § 40-35-311(e) (2006); *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). A revocation will be upheld absent a showing that the trial court abused its discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn.1991). In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. *Id*. (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Relief will be granted only when "'the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). Upon finding a violation, the trial court may "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." T.C.A. § 40-35-311(e). Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id*. § 40-35-310. The trial judge retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

Defendant acknowledges that he violated the terms of his probation. However, he argues that the trial court "abused its discretion" by ordering the sentences to be served in the Tennessee Department of Correction rather than reinstating him to probation.

Having considered Defendant's arguments, we are unpersuaded that the trial court abused its discretion in this case. The record shows that Defendant violated the terms of his probation by obtaining a new arrests and failing to report the arrests, missing curfew, testing positive for marijuana, failing to report, and associating with known gang members. The trial court was well within its authority to determine that Defendant had violated his probation and to order him to serve the remainder of his sentence incarcerated. Accordingly, Defendant is not entitled to relief.

## CONCLUSION

After a full review, the judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, JUDGE